IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Gerardo Manuel Alaniz, | ) | Case No. 24-70028 |
| | ) | |
| Debtor(s). | ) | Chapter 13 |
| | ) | |
| EZMax Loans c/o Kevin Loudon, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 25-07003 |
| | ) | |
| Gerardo Manuel Alaniz, | ) | |
| | ) | |
| Defendant. | ) | |

**DEBTOR'S ANSWER TO ADVERSARY COMPLAINT**

COMES NOW, the Debtor/Defendant, Gerardo Alaniz, by and through his undersigned counsel, files this Answer to the Complaint/Objecting to Discharge filed by EZMax Loans ("EZMax"), and respectfully shows the Court as follows:

I. GENERAL DENIAL

1. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7008, Debtor denies each and every allegation in the Complaint not expressly admitted herein and demands strict proof thereof.

II. BACKGROUND - Underlying Case Facts

2. On February 2, 2024, the Debtor filed the underlying Chapter 13 bankruptcy case, Case No. 24-70028. The Debtor inadvertently failed to disclose a debt owed to EZMax.

3. On April 12, 2024, the proof of claim deadline for non-government creditors expired.

4. On May 11, 2024, the deadline for objecting to dischargeability expired.

5. On February 19, 2025, EZMax filed a lawsuit against the Debtor in Cause No. DC255-067, in the Justice Court, Precinct Two, Victoria County, Texas, for a purported debt of $1,821.97. See **Exhibit A**.

6. On March 3, 2025, the Debtor amended his schedules and creditor list to disclose the debt owed to EZMax in the amount of $1,821.97. See ECF #'s 38 and 39.

7. On March 5, 2025, the EZMax Loan lawsuit was non-suited.

8. On March 12, 2025, Mr. Kevin C. Loudon ("Loudon") of EZMax Legal, PLLC, filed a *Motion and Order for Admission Pro Hac Vice* in the underlying bankruptcy case to represent EZMax Loans. See **Exhibit B**.

9. On March 13, 2025, EZMax Loans filed a late Proof of Claim in the underlying bankruptcy case, for $1,628.44. EZMax Loans did not seek leave to file a late-filed claim.

10. On March 18, 2025, EXMax Loans filed this adversary proceeding alleging non-dischargeability of the underlying debt under 11 U.S.C. §523(a)(2).

11. Loudon's Motion for Admission Pro Hac Vice indicated that Loudon has been sanctioned by a bar association or court.

12. The Motion included an exhibit that purports to disclose his public disciplinary history, which includes five separate sanctions dating back to September 10, 2010.

13. The last page of the exhibit included a handwritten note that appears to state, "I was admonished by Micheal M. Parker, San Antonio Division, for [improperly?] (but

errantly) completed motion and order for Pro Hac Vitae[sp] in case number 23-50055-mmp."

### III. BACKGROUND - Case No. 23-50055, Troi Renee Nelson (WDTX)

14. The case number above is a Chapter 7 case filed in the Western District of Texas under Case No. 23-50055 by Troi Renee Nelson ("Nelson") before Bankruptcy Judge Michael M. Parker.

15. On March 1, 2023, EZMax filed an adversary complaint against Nelson, similar to the suit filed in this case, under Adversary Case No. 23-05031, for $1,525.74.

16. Loudon filed a Motion for Admission Pro Hac Vice in the adversary proceeding the same day.

17. On March 6, 2023, EZMax filed a Stipulation of Dismissal after obtaining a settlement agreement from the Debtor.

18. On April 10, 2023, the Court set a hearing on the Stipulation of Dismissal and Loudon's Amended Motion for Pro Hac Vice.

19. At the hearing, the Court ordered EZMax to disgorge the $1,200 settlement fee that it had obtained from the Debtor.

20. On May 4, 2023, the Court entered an *Order on Court's Order to Appear and Show Case and Imposing Sanctions*. See **Exhibit C**.

21. In its order, the Court found:
    a. EZMax may have used the adversary to extort a settlement from the Debtor; and

    b. London failed to comply with his duty of candor before the Court by improperly omitting past grievances against him pursuant to Texas Disciplinary Rule of Professional Conduct 3.3(a)(1) and Model Rule of Professional Conduct 3.3(a)(1).

22. The Court issued the following sanctions:

    a. London must associate with counsel already admitted to practice before the Western District of Texas and associate with counsel for the next five adversary proceedings before the Western District of Texas, and the co-counsel must sign all pleadings filed in those cases.

    b. Further, the Court granted leave to EZMax to amend its complaint or seek dismissal.

23. At a June 20, 2023 hearing, at the request of EZMax, the Court dismissed the adversary for want of prosecution and entered an Order on June 21, 2023.

## IV. SPECIFIC RESPONSES

24. The Debtor admits he obtained a loan from EZMax Loans, as outlined in the Complaint.

25. The Debtor avers that any omission of EZMax Loans from his original bankruptcy schedules was inadvertent and unintentional. He promptly corrected the omission by amending his schedules on March 3, 2025, after receiving notice of the omission.

26. The Debtor did not falsify his employment or income in the loan application. The income provided to the Creditor is consistent with the income listed in Debtor's Schedule I, filed on February 16, 2024, and accurately reflects his gross monthly income at the time of the loan and bankruptcy filing.

27. The Debtor denies that he incurred the debt with the intent to discharge it in bankruptcy. While the Debtor consulted with a bankruptcy attorney on January 22, 2024, this occurred well after the original loan on July 20, 2023, and the refinance on October 2, 2023.

28. The Debtor closed his Bank of America checking account ending in 4301 due to a fraud alert issued by the bank, not to avoid repayment of the loan. He acted on the bank's recommendation to protect his accounts and did not intend to hinder or defraud EZMax Loans or any other creditor.

29. The Debtor further denies any intent to mislead or defraud EZMax Loans and maintains that any payment issues following the refinance were due to account security issues and not intentional misconduct.

## V. AFFIRMATIVE DEFENSES

30. Good Faith and Lack of Fraudulent Intent: The Debtor acted in good faith and without the intent to deceive or defraud EZMax Loans.

31. Unintentional Omission: The failure to list the Creditor in the original schedules was an unintentional oversight promptly corrected through an amended filing.

32. Consistency of Information: Debtor's income and employment details were consistent across loan documents and bankruptcy filings.

33. Inapplicability of 11 U.S.C. § 523(a)(2): Debtor denies the elements required to sustain a finding of non-dischargeability under 11 U.S.C. § 523(a)(2)(A) or (B), including any false pretenses, misrepresentations, or actual fraud.

34. Lack of Candor by Loudon: Loudon has again failed to properly notify a bankruptcy court in Texas of prior sanctions against him by not fully disclosing to this Court the sanctions entered against him in Adversary Case No. 23-05031 (WDTX).

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that this Court:

a. Deny EZMax's Complaint seeking to have the debt deemed non-dischargeable;

b. Determine whether the debt owed to EZMax is dischargeable under 11 U.S.C. § 1328(a);

c. Impose sanctions against EZMax for failure to properly disclose prior sanctions;

d. Award Debtor his costs and such other and further relief to which he may be justly entitled.

Dated: April 14, 2025.                                  Respectfully submitted,

OLIVA LAW
223 W. Nolana Boulevard
McAllen, Texas 78504
(956) 683-7800 - Telephone
(866) 868-4224 - Fax

By: /s/ Marcos D. Oliva
Marcos D. Oliva
marcos@oliva.law
SBOT 24056068
Federal I.D. 948435
ATTORNEY FOR DEBTOR/DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Response was served on the date it was filed electronically. Service was accomplished by the method and to the following as indicated:

BY ELECTRONIC NOTICE OR REGULAR FIRST CLASS MAIL, POSTAGE PREPAID:

By: /s/ Marcos D. Oliva

**CHAPTER 13 TRUSTEE:**
Yvonne V Valdez
539 N Carancahua Suite 800
Corpus Christi, TX 78401

**U.S. TRUSTEE:**
615 E. Houston Street
Suite 533
San Antonio, TX 78205

Kevin C Loudon
EZMax Legal, P.L.L.C0
1214 E Mockingbird
Victoria, TX 77904
Email: kevinl@ezmaxlegal.com
Attorney for EZMax Loans