**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 04, 2023.**

_____
MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TROI RENEE NELSON, | § | CASE NO. 23-50055-MMP |
| | § | |
| Debtor. | § | CHAPTER 7 |
| | § | |
| EZMAX LOANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 23-05031-MMP |
| | § | |
| TROI RENEE NELSON, | § | |
| | § | |
| Defendant. | § | |

### ORDER ON COURT'S ORDER TO APPEAR
### AND SHOW CAUSE AND IMPOSING SANCTIONS

On May 1, 2023, the Court heard its *Order to Appear and Show Cause* (ECF No. 21), ordering Kevin C. Loudon ("Loudon"), EZMAX Loans ("EZMAX"), and Troi Nelson ("Debtor") to appear and show cause as to why the Court should not sanction Loudon or EZMAX for actions taken by either in this adversary proceeding.

The Court took judicial notice of most of the pleadings filed on the docket in this adversary proceeding, including Loudon's initial complaint and adversary proceeding cover sheet (ECF No. 1), which purported to bring a discharge and dischargeability proceeding against the Debtor pursuant to 11 U.S.C. §§ 523(a) and 727(a), and Loudon's initial pro hac vice motion (ECF No. 4), which indicated that Loudon had no grievance history. The Court found the complaint and adversary proceeding cover sheet combined with EZMAX's quick attempt to dismiss the adversary proceeding (only five days after the initial complaint was filed), appeared to improperly suggest EZMAX used the threat, without just cause, of a global denial of Debtor's discharge to extort a settlement agreement from the Debtor, notwithstanding EZMAX's subsequent indications through court filings and in court that it never intended to challenge the Debtor's global discharge under 11 U.S.C. § 727. The Court found that several other pleadings Loudon filed failed to obtain his signature or failed to comply with local rules, and as such Loudon's conduct might also be described as sloppy practice rather than an intent to extort, without just cause, settlement funds from the Debtor. The Court found that Loudon failed to comply with his duty of candor to the court under Texas Disciplinary Rule of Professional Conduct 3.3(a)(1) and Model Rule of Professional Conduct 3.3(a)(1) in his initial pro hac vice motion by claiming he had no grievance history, when he did, in fact, have a grievance history, which he presented to the Court in his amended pro hac vice motion (ECF No. 8).

For the reasons stated on the record, the Court determined that Loudon's actions in this adversary proceeding constitute sanctionable conduct under both Federal Rule of Bankruptcy Procedure 9011 and the Court's inherent authority to control its docket. Having considered the available sanctions in light of the factors articulated by the Fifth Circuit in *Topalian v. Ehrman*, 3 F.3d 931, 936-37 (5th Cir. 1993), the Court finds that the most appropriate sanction in this adversary proceeding is not to deny Loudon's *1st Amended Motion for Admission Pro Hac Vice* (ECF No. 8), but to grant it with the following conditions:

- To serve as counsel for a party in this adversary proceeding, Loudon must associate with counsel already admitted to practice in the U.S. Bankruptcy Court for the Western District of Texas ("District") who has participated in at least five adversary proceedings or cases in the District during the preceding twelve months;

- To serve as counsel for a party in the next five adversary proceedings or cases Loudon files in this District, Loudon must associate with counsel already admitted in this District who has participated in at least five adversary proceedings or cases in this District during the preceding twelve months; and

- In this adversary proceeding and in the subsequent five adversary proceedings or cases that Loudon files in this District, Loudon's co-counsel must sign all pleadings filed in the respective cases and be responsible for the contents of such pleadings.

Additionally, to deal with the admittedly misplead complaint, the Court will level-set this adversary proceeding by allowing EZMAX fourteen (14) days from entry of this *Order* to amend its complaint to eliminate any challenges to the Debtor's global discharge under 11 U.S.C. § 727, thereby allowing EZMAX to either proceed with litigation or seek dismissal without court involvement. In its show cause order (ECF No.21), the Court vacated its oral rulings on April 11,

2023, regarding sanctions. Notwithstanding that vacatur, EZMAX filed a notice (ECF No. 27) indicating it had returned the settlement funds it had received from the Debtor. EZMAX's unilateral return of the funds allows the parties to continue to pursue the adversary proceeding or settle it on fair terms after EZMAX has removed references to Debtor's global discharge and 11 U.S.C. § 727. Based on the foregoing and for the reasons stated on the record, the Court strikes and dismisses the *Agreed Dismissal of Adversary Proceeding and 1st Amended Stipulation of Dismissal* (ECF No. 11) of EZMAX and the Debtor as moot given its reference to a version of the complaint EZMAX has disavowed. It is, therefore,

**ORDERED** that Loudon's *1st Amended Motion for Admission Pro Hac Vice* (ECF No. 8) is hereby conditionally **GRANTED** to the extent Loudon complies with the above-referenced conditions. It is further

**ORDERED** that EZMAX has fourteen (14 days) from the date of entry of this *Order* to amend its complaint to eliminate any challenges to the Debtor's global discharge under 11 U.S.C. § 727. It is further

**ORDERED** that the *Agreed Dismissal of Adversary Proceeding and 1st Amended Stipulation of Dismissal* (ECF No. 11) is hereby **DISMISSED AS MOOT**.

# # #